UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Keith Bradley and Jeanette Bradley,

      Plaintiffs,

v.

Illinois Secretary of State,

      Defendant.

Case No. 23 C 4541

Honorable Jorge L. Alonso

## ORDER

For the reasons below, the Court grants Defendants' motion to dismiss (ECF No. 16) and dismisses this case for lack of subject-matter jurisdiction. Civil case terminated.

## STATEMENT

According to their complaint, Plaintiffs Keith and Jeanette Bradley own a 2005 Acura MDX registered in Illinois that they bought in January 2023. While the vehicle was getting some repairs in April 2023, Plaintiffs received a letter from the Illinois Secretary of State requesting insurance verification for the vehicle. Plaintiffs called the IL SOS's customer-service line for more information. During the call, an IL SOS representative clarified that the letter Plaintiffs received was to confirm that Plaintiffs have insurance for their vehicle and said the SOS finds out which motorists might not have proper insurance for their vehicles by searching the motorists' Vehicle Identification Numbers to obtain verification.

Based on this phone call, Plaintiffs sued the IL SOS for infringing their Fourth Amendment protection against unlawful searches and seizures. Specifically, they claim that the IL SOS may not use VINs to verify insurance, and ask the Court to order the IL SOS to stop

implementing the current insurance-verification system. After the Court dismissed Plaintiffs' original complaint, Plaintiffs filed an amended, operative complaint. (ECF No. 10.)

The IL SOS has moved to dismiss Plaintiffs' complaint for lack of standing and failure to state a claim, which the Court now considers.

### I. Standing

Article III of the U.S. Constitution allows federal courts only to resolve certain cases or controversies; "this requirement limits federal courts to resolving concrete disputes between adverse parties." *Sweeney v. Raoul*, 990 F.3d 555, 559 (7th Cir. 2021). To show standing, a plaintiff "must show (1) that she suffered a concrete and particularized injury that is either actual or imminent; (2) that the injury is fairly traceable to the defendant; and (3) that a favorable decision will likely redress the injury." *Milwaukee Police Ass'n v. Flynn*, 863 F.3d 636, 639 (7th Cir. 2017). Without standing, the Court lacks subject-matter jurisdiction over Plaintiffs' case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998).

"To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016), *as revised* (May 24, 2016). Plaintiffs have not alleged a concrete and particularized harm. Plaintiffs merely claim that their rights were violated and that they suffered "emotional distress" upon learning of that. Though Plaintiffs "claim that the Constitution has been violated, they claim nothing else" and their "psychological consequence . . . is not an injury sufficient to confer standing under Art. III, even though the disagreement is phrased in constitutional terms." *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 485–86 (1982); *see also FDA v. Alliance for Hippocratic Med.*, 602 U.S. 367, 381 (2024) ("[A] citizen does not have

2

standing to challenge a government regulation simply because the plaintiff believes that the government is acting illegally."). And to the extent Plaintiffs may claim that they suffered financial harm in the form of repair costs for their vehicle, they have not alleged how those costs were "fairly traceable" to the alleged constitutional violation or would be redressed by this lawsuit—especially since Plaintiffs could simply designate their vehicle as inoperable and thereby avoid the insurance requirement altogether. *See Alliance for Hippocratic Med.*, 602 U.S. at 380 ("To establish standing . . . a plaintiff must demonstrate . . . that the injury likely was caused or will be caused by the defendant, and [] that the injury likely would be redressed by the requested judicial relief."). Plaintiffs therefore have not adequately alleged standing and the Court thus must dismiss their case for lack of jurisdiction.

## II. Failure to state a claim

Even assuming Plaintiffs have standing to bring their claim, their complaint fails to state a constitutional violation, even when viewed in the light most favorable to Plaintiffs.

Plaintiffs "agree that there is no privacy in a person['s] VIN number," and that "the Mandatory Insurance Law itself is not wrong," but nevertheless ambiguously claim that "the way the information is being verified . . . is highly unconstitutional." Plaintiffs seem to believe that a constitutional violation somehow occurs when the Illinois Secretary of State uses a VIN to verify insurance coverage, even though this is done pursuant to the Mandatory Insurance Law.

The Court disagrees. As Plaintiffs apparently concede, they have no reasonable expectation of privacy in their vehicle's VIN—the government's simple use of those numbers to verify insurance coverage thus does not constitute an unreasonable search and does not give rise to a Fourth Amendment claim. *See New York v. Class*, 475 U.S. 106, 114 (1986) ("In sum, because of the important role, played by the VIN in the pervasive governmental regulation of the

automobile and the efforts by the Federal Government to ensure that the VIN is placed in plain view, we hold that there was no reasonable expectation of privacy in the VIN."); *People v. Wolf*, 15 Ill. App. 3d 374, 377, 304 N.E.2d 512 (1973) ("[A]n inspection of a vehicle identification number, for the purpose of identifying the vehicle, is not regarded as a search within the meaning of the Fourth Amendment to the United States Constitution."), *aff'd*, 60 Ill. 2d 230, 326 N.E.2d 766 (1975); *United States v. Miranda–Sotolongo*, 827 F.3d 663, 667 (7th Cir. 2016) ("A police officer's check of a vehicle registration in a database is not a Fourth Amendment search, as every other circuit that has considered this issue has held."). Plaintiffs accordingly do not articulate a plausible constitutional violation and therefore fail to state a claim even if they were to have standing.

The Court therefore denies grants Defendants' motion to dismiss (ECF No. 16) and dismisses this case. Civil case terminated.

**SO ORDERED.**  **ENTERED: June 9, 2025**

_____
**HON. JORGE ALONSO**
**United States District Judge**

4